UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

KENNETH PETTWAY, JR.,

     Defendants.

**DECISION AND ORDER**
12-CR-103S (1)

  On May 31, 2017, this Court granted the government's motion to revoke Defendant Kenneth Pettway, Jr.'s release under 18 U.S.C. § 3148. (Dockets No. 808, 816.) Presently before this Court is Pettway's Motion for Bail and for Reconsideration of this Court's decision revoking his release. (Docket No. 827.) For the reasons that follow, Pettway's motion is denied.

  To revoke a defendant's pretrial release and order detention under 18 U.S.C. § 3148 (b), the court must make two sets of findings. First, it must find, after a hearing, either (1) "probable cause to believe that the person has committed a Federal, State, or local crime while on release," or (2) "clear and convincing evidence that the person has violated any other condition of release." 18 U.S.C. § 3148 (b)(1). Second, it must find either (1) that "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," or (2) that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148 (b)(2). A rebuttable presumption in favor of detention arises if the court finds "probable cause to believe that, while on release, the person committed a federal, state, or local felony." See 18 U.S.C. § 3148 (b). And "[i]t is

well established in this circuit that proffers are permissible . . . in bail revocation [proceedings]." United States v. LaFontaine, 210 F.3d 125, 131 (2d Cir. 2000) (citing United States v. Davis, 845 F.2d 412, 415 (2d Cir. 1988)); see also United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986) (noting that detention proceedings should not become mini-trials).

On May 31, 2017, the government and Pettway proceeded by proffer, after having briefed the government's motion for revocation of release. (Docket Nos. 808, 813, 818.) Having considered both the written submissions and the extended proffers and oral argument, this Court found that the government had satisfied its burden of establishing probable cause that Pettway had committed a crime while on release and clear and convincing evidence that he had violated at least one condition of his release. This Court further found that Pettway was unlikely to abide by any conditions of release, though it left open the opportunity for Pettway to further seek release upon new information.

In particular, this Court found a sufficient showing of probable cause that Pettway committed crimes (e.g., contempt of court (18 U.S.C. § 401(3))), and of clear and convincing evidence that he violated the terms of his release, based on the proffered evidence that he violated the protective order in this case and failed to comply with multiple conditions of release, including communicating with his probation officer and accurately reporting his address. This Court further found that the presumption of detention attached based on the strength of the government's proffer. Based on these findings, this Court granted the government's motion and revoked Pettway's release.[1]

---

[1] To the extent it could be concluded that this Court's findings were not clearly stated on the record, as Pettway argues, this Court now makes them anew and *nunc pro tunc* to May 31, 2017.

2

Pettway now seeks bail and reconsideration. He argues that this Court did not sufficiently make the findings articulated above and failed to hold a hearing. He also seeks to re-argue the merits of the government's motion and insists that the conduct discussed at length on May 31, 2017, is all "explainable" and that he "controverted virtually all of the allegations made by the government."

As noted above, proceeding by proffer in release revocation proceedings is permissible. See LaFontaine, 210 F.3d at 131. And while § 3148 provides defendants an opportunity to testify and to present evidence on their own behalf, Pettway proceeded by proffer and did not expressly request a hearing or an opportunity to testify. See Davis, 845 F.2d at 415 (holding that § 3148 gives defendants an opportunity to testify and to present evidence on their own behalf). Though the need for a hearing was discussed, Pettway did not press for one, and this Court found the proffers sufficient to resolve the government's motion.

As to the strength of the government's proof, this Court rejects Pettway's characterization that he controverted each of the government's allegations. To the contrary, this Court found that the government presented sufficient evidence of probable cause to warrant revocation of release. Moreover, to the extent Pettway's present motion is intended to be a new motion for release and a hearing, that request is denied, as there has been no detectable change in circumstances or new information offered to support such a request.

Accordingly, Defendant's Motion for Bail and Reconsideration of the Bail

Revocation Order (Docket No. 827) is DENIED.

Dated: August 9, 2017
Buffalo, N.Y.

    /s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge