UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                                  **DECISION AND ORDER**
                                                                                                    12-CR-103S (1)

KENNETH PETTWAY, JR.,

        Defendant.

---

## I. INTRODUCTION

Presently before this Court is Defendant Kenneth Pettway, Jr.'s motion to dismiss the fourth superseding indictment on speedy trial grounds under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the Sixth Amendment to the United States Constitution. (Docket No. 823.) For the reasons discussed below, Pettway's motion is denied.

## II. DISCUSSION

Pettway argues that dismissal of the fourth superseding indictment is required because his rights to a speedy trial under the Speedy Trial Act and the Sixth Amendment have been violated. The government maintains that no such violations have occurred and that a full 70 days remain in which to bring Pettway to trial.

**A.  Pettway's Speedy Trial Act Claim**

The Speedy Trial Act requires the government to bring criminal defendants to trial within 70 days of their first appearance before a judicial officer or the filing of an indictment, whichever is later. See 18 U.S.C. § 3161 (c)(1); see also United States v. Oberoi, 295 F. Supp. 2d 286, 289 (W.D.N.Y. 2003), aff'd, 547 F.3d 436 (2d Cir. 2008).

1

In the event the defendant is not brought to trial within the 70 prescribed days, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162 (a)(2). On such a motion, the defendant is the one who bears the burden of proving a violation of the Speedy Trial Act. See 18 U.S.C. § 3162 (a)(2) (providing that "[t]he defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161 (h)(3)"); United States v. Adams, 448 F.3d 492, 503 (2d Cir. 2006).

The Speedy Trial Act excludes certain periods of delay from the Speedy Trial clock. For instance, the 70-day period is automatically tolled for the duration of any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or the other prompt disposition of, such motion." 18 U.S.C. § 3161 (h)(1)(D). It is also tolled for delay attributable to a co-defendant and to interlocutory appeals. 18 U.S.C. §§ 3161 (h)(6) and (h)(1)(C). Also excludable is "any period of delay . . . if the judge . . . find[s] that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Under this exclusion, the court must "set[] forth, in the record of the case, either orally or in writing, its reasons [for so finding]." Id. Again, it is the defendant's burden to prove a violation of the Speedy Trial Act.

Here, Pettway has failed to meet his burden and has made little attempt to do so. Although he spends a good portion of his motion recounting the history of this case (dating back to January 19, 2012, and including more than 840 docket entries), he does not

specifically challenge any of the exclusions of time that were made over the course of this prosecution, nor does he point to any instances in which proper exclusions were not made.

Instead, Pettway offers only non-specific, speculative assertions, such as "counsel believes that there are numerous times within which the speedy trial time clock should not be attributable to [Pettway]" (Affidavit of Herbert L. Greenman, Esq. ("Greenman Aff."), Docket No. 823, ¶ 47); "[a]ny adjournments granted to [Pettway's co-defendants] should not, *in toto*, be attributed to [Pettway]" (Greenman Aff., ¶ 48); and "[b]ecause the excludable time exceeds the time allowable, counsel believes that [Pettway] was deprived of his rights to a statutory speedy trial" (Greenman Aff., ¶ 51).

These assertions are wholly insufficient to meet Pettway's burden. In the absence of any meaningful allegation or showing that a Speedy Trial Act violation has occurred— Pettway does not allege even a single error in the application of the Speedy Trial Act[1]— Pettway's motion seeking dismissal of the fourth superseding indictment on Speedy Trial Act grounds must be denied.

**B.     Pettway's Sixth Amendment Claim**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. amend VI. "Although unusual, it is possible for a delay that does not violate the [Speedy Trial Act] to run afoul

---

[1] To the extent Pettway asserts that the time excluded under 18 U.S.C. § 3161(h)(1)(C) was improper because the government's interlocutory appeal was frivolous, his argument fails for two reasons. First, delay resulting from any interlocutory appeal is automatically excludable by operation of law. See 18 U.S.C. § 3161 (h)(1)(C). Second, the government's appeal was not frivolous, as evidenced by the fact that the Second Circuit ruled at least partly in its favor. See United States v. Brown, 16-3468-cr, 2017 WL 2378195 (2d Cir. June 1, 2017) (affirming in part, vacating in part, and remanding).

of the Sixth Amendment's guarantee of a speedy trial." United States v. Stone, No. 05-CR-401, 2006 WL 436012, at *6 (E.D.N.Y. Feb. 22, 2006).

In Barker v. Wingo, the United States Supreme Court, for the first time, attempted to set out the criteria by which the Sixth Amendment right is to be judged. 407 U.S. 514, 515, 92 S. Ct. 2182, 33 L. Ed. 2d 101. The Court began by noting that the right to a speedy trial is different than other rights enshrined in the Constitution because it embodies a societal interest in securing a defendant for trial; this interest exists separately, and sometimes in opposition, to the interest of the accused. Id. at 519–22. It is also different, according to the Barker Court, because it is "necessarily relative" and "impossible to determine with precision when the right has been denied." Id. at 521. Ultimately then, courts must engage in a balancing test that considers cases on an *ad hoc* basis. Id. at 522, 530.

The Barker Court outlined four factors that courts must assess when conducting this analysis: the length of delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant. Id. at 530. These factors must be considered together, as none alone has the "talismanic" quality sufficient to find deprivation of the right of speedy trial. Id. at 533. The balancing process, to which this Court will now turn, is difficult and sensitive, but must be carried out with "full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." Id.

**1.   Length of Delay**

The delay in this multi-defendant case, nearly 67 months, is presumptively prejudicial and triggers further analysis of the three Barker factors. See Doggett v.

United States, 505 U.S. 647, 652, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992) (delays approaching 12 months are presumptively prejudicial); Flowers v. Warden, Conn. Corr. Inst., 853 F.2d 131, 133 (2d Cir. 1988) (delay of 17 months is presumptively prejudicial). Still, while presumptively prejudicial, the delay here remains within a time period where the Second Circuit has found no violation. See Flowers, 853 F.2d at 133 (collecting cases with delays ranging from 24 months to six years where no speedy trial violation was found); United States v. Saglimbene, 471 F.2d 16 (2d Cir. 1973) (six years). Nonetheless, this factor weighs in favor of finding a Sixth Amendment violation.

### 2. Reasons for the Delay

Closely related to length of delay are the reasons given by the government to justify the delay. Barker, 407 U.S. at 531. Courts weigh the reasons alongside the defendant's conduct, and give different justifications differing weights. Id. at 530-31. For example, prosecutorial negligence is weighed less heavily than a deliberate attempt to delay the trial to hamper the defense; but it would nevertheless be weighed against the government because it has the ultimate responsibility for bringing the defendant to trial. Id. at 531.

Here, the reasons for the delay are predominantly attributable to Pettway and his 10 co-defendants. They heavily litigated this case at all stages, as is, of course, their right to do. This necessarily resulted in protracted proceedings before the magistrate judge. There were multiple rounds of detention proceedings, defense motions, and pretrial hearings, none of which is the government's fault.

But Pettway argues that two periods of delay are attributable to the government—the time between the start of the case (January 2012) and the return of the fourth superseding indictment (April 2013), and the time between the filing of the government's "frivolous" interlocutory appeal (October 2016) and its resolution (June 2017). (Greenman Aff., ¶¶ 53, 72.) Neither of these periods of delay weigh in favor of dismissal.

First, while it is true that the government repeatedly superseded the indictment, the fourth superseding indictment was returned just over a year after this case began. (Docket No. 139.) During that time, this case continued to be actively litigated, with detention proceedings and motion practice. Thus, in the context of the overall proceedings, the government's conduct in seeking multiple superseding indictments over the course of little more than one year did not impact the progress of this case as significantly as Pettway contends. Second, as noted previously, there is no merit to Pettway's contention that the government's interlocutory appeal was frivolous, as the Second Circuit ruled partially in its favor. See United States v. Brown, 16-3468-cr, 2017 WL 2378195 (2d Cir. June 1, 2017).

Consequently, this is not a case where the government is solely responsible for unreasonable delay. Rather, the majority of delay is attributable to the defendants' motion practice and the delay attendant to multi-defendant criminal trials. Upon review of the docket, this Court finds no periods of unreasonable delay,[2] and certainly none

---

[2] Pettway accuses the government of "a deliberate attempt to delay proceedings in order to hamper the defense and the defendant's liberty." (Greenman Aff., ¶ 66.) Other than perhaps his contention that the government's partially successful interlocutory appeal was frivolous, Pettway offers nothing to support this accusation.

6

solely attributable to the government.  Thus, this factor weighs against finding a Sixth Amendment violation.  See United States v. Blanco, 861 F.2d 773, 778 (2d Cir. 1998) ("A defendant's claim that the government violated her right to a speedy trial is seriously undermined when the defendant, and not the government, is the cause of the delay.")

### 3. Defendant's Assertion of the Right

The efforts a defendant makes to assert the speedy trial right are closely related to the other factors in the test.  Barker, 407 U.S. at 532.  If a defendant is seriously being deprived of his right, he is more likely to vigorously assert it, and such an assertion is given strong evidentiary weight.  Id.  But the inverse is also true: failure to assert the right in a timely manner will be weighed against the defendant.  See id.; see also Rayborn v. Scully, 858 F.2d 84, 93 (2d Cir. 1988). The Supreme Court makes clear that this inquiry is sensitive and complex, and must take into account how and when a defendant knew of the charges against him, if a defendant has obtained counsel, and if a delay benefits the defendant and thus dissuades him from invoking his right. Barker, 407 U.S. at 528-29.

Here, Pettway did not begin objecting to exclusions of time until almost five years into this case, in January 2017, after the government filed its interlocutory appeal.  And while Pettway now suggests that he moved for severance earlier in November 2013 to preserve his speedy trial rights, see Greenman Aff., ¶ 59 ("Pettway recognized the necessity of gaining a severance from his other defendants"), review of that motion reveals that it was a boilerplate, protective request in which Pettway simply sought leave "to move for severance once court ordered discovery has been completed."  (Docket No. 224.)

Accordingly, this Court finds that this factor weighs against a finding of a Sixth Amendment violation.  See United States v. Vasquez, 918 F.2d 328, 338 (2d Cir. 1990) (third factor "weighs heavily" against petitioners where they "waited roughly 22 months before advancing their speedy trial claims and this hardly renders plausible their contention that an expeditious resolution of their cases was a matter of pressing constitutional importance for them"); United States v. McGrath, 622 F.2d 36, 41 (1980) (weighing fact that the defendant waited until immediately before trial to file a motion to dismiss on speedy trial grounds against the defendant); United States v. Abouhalima, 961 F. Supp. 78, 83 (S.D.N.Y. 1997) (waiting many months before raising Sixth Amendment speedy trial objection weighs against a violation).

### 4. Prejudice to Defendant

Prejudice to the defendant is assessed in light of the interests the speedy trial right was designed to protect.  Barker, 407 U.S. at 532.  The Supreme Court identified three such interests: to prevent oppressive pretrial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired.  Id.  The most serious of these interests is the last, because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system."  Id.

Despite these considerations, however, courts are generally reluctant to find a speedy trial right violation in the absence of specific prejudice.  See United States v. Abad, 514 F.3d 271, 275 (2d Cir. 2008) (per curiam); Rayborn, 858 F.2d at 94; McGrath, 622 F.2d at 41.  Indeed, the Second Circuit has affirmed that it has "generally required a showing of some significant trial-related disadvantage in order to establish a speedy-trial

8

violation." United States v. Cain, 671 F.3d 271, 297 (2d Cir. 2012); see United States v. New Buffalo Amusement Corp., 600 F.2d 368, 379 (2d Cir. 1979) (violation where witnesses crucial to defense could no longer be located, and other witnesses who previously had agreed to testify refused to do so); United States v. Vispi, 545 F.2d 328, 334-35 (2d Cir. 1976) (violation where delay made locating old records and dealing with dimmed recollections "a formidable task"); United States v. Roberts, 515 F.2d 642, 646 (2d Cir. 1975) (violation where government's delay disqualified defendant for youthful offender status).

Here, Pettway does not identify any specific trial-related prejudice or disadvantage. He claims prejudice instead based on the specter of these criminal charges for five years, his previous home confinement and recent detention, and his inability to travel and further his music career. While Pettway is understandably displeased with these aspects of being under indictment, they do not sufficiently establish a constitutional violation, particularly where the government has not unreasonably caused delay. This factor therefore weighs against finding a Sixth Amendment violation.

Having fully considered and balanced the four Barker factors, this Court finds that Defendant's Sixth Amendment speedy trial rights have not been violated.

## IV. CONCLUSION

For the reasons stated above, this Court finds that Pettway's rights to a speedy trial under the Speedy Trial Act and the Sixth Amendment have not been violated. Defendant's Motion to Dismiss the indictment on speedy trial grounds is therefore denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss the Indictment (Docket No. 823) is DENIED.

SO ORDERED.


Dated: August 11, 2017
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge