UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

KENNETH PETTWAY, JR.,

                Defendant.

**DECISION AND ORDER**
12-CR-103S (1)

On November 4, 2013, Defendant Kenneth Pettway, Jr. moved for a Franks[1] hearing and to suppress evidence gathered pursuant to a January 9, 2012 search warrant for 23 Roosevelt St., Upper Apartment, issued by the Honorable Kenneth F. Case, Erie County Court Judge. (Docket No. 224.) Detective Warren Hawthorn of the Erie County Sheriff's Department applied to Judge Case for the warrant. In his application, Hawthorn relayed the following information, which he learned from statements made to him by confidential sources:

> The confidential source knows the aforementioned, Kenneth PETTWAY to sell cocaine. The source has purchased cocaine from PETTWAY numerous times over the course of the last several months. The source also knows the aforesaid individual to possess cocaine and sell cocaine from 23 Roosevelt Upper apartment.

(Docket No. 224-1, pp. 4-5.)

In a Report, Recommendation, and Order filed on December 16, 2014, the Honorable Jeremiah J. McCarthy, United States Magistrate Judge, recommended that Pettway's motions be denied because the warrant application presented to Judge Case

---

[1] Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

established probable cause for issuance of the search warrant.[2] (Docket No. 369, p. 29.) In doing so, Judge McCarthy rejected Pettway's arguments that (1) the reliability of the confidential source was unknown, (2) the warrant application failed to include specific instances when Pettway sold controlled substances, (3) the information was stale, and (4) the information did not sufficiently connect Pettway to 23 Roosevelt St., Upper Apartment. (Docket No. 369, pp. 30-31.) Judge McCarthy alternately found that the good-faith exception under Leon[3] applied since "the warrant was not so lacking in probable cause as to render reliance upon it unreasonable." (Docket No. 369, p. 32.)

Upon review and consideration of the proceedings before Judge McCarthy and his thorough Report, Recommendation, and Order, this Court accepted Judge McCarthy's findings and conclusions and denied Pettway's motion for a Franks hearing and to suppress evidence on June 6, 2015. (Docket No. 455.)

With that as the background, Pettway again moves for a Franks hearing and to suppress evidence gathered from the search of 23 Roosevelt St., Upper Apartment. (Docket No. 822.) His motion is premised on the government's recent disclosure that Pettway was not present during the only controlled buy executed by the confidential source whom Hawthorn referenced in his warrant application. Pettway denies that he ever sold controlled substances and argues that Hawthorn's failure to advise Judge Case

---

[2] Because Judge McCarthy found that probable cause sufficiently existed based on the contents of the warrant application alone, he found it unnecessary to additionally consider Judge Case's notes from his *in camera* interview of the confidential source. (Docket No. 369, pp. 28-29.) Since this Court continues to find that the warrant application alone established sufficient probable cause for issuance of the warrant, the *in camera* interview notes will not be disclosed to either party. (Id. at 28 n. 15 (noting that Judge Case's notes have not been disclosed to the parties).)

[3] United States v. Leon, 468 U.S. 897, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984).

2

that he was not present on this single occasion renders his warrant application false and misleading. He therefore requests a Franks hearing and suppression of evidence.

Franks hearings are used by courts to determine whether an officer made false or misleading statements or omissions in applying for a warrant. See United States v. Montague, Case # 14-CR-6136-FPG, 2017 WL 3483665, at *4 (W.D.N.Y. Aug. 15, 2017). "To be entitled to a Franks hearing, a defendant must make a 'substantial preliminary showing' that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the judge's probable cause finding." United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998) (citing United States v. Levasseur, 816 F.2d 37, 43 (2d Cir. 1987)). "With respect to omissions, it is important to note that 'an affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation . . . Franks protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the magistrate.'" Montague, 2017 WL 3483665, at *4 (quoting United States v. Rajaratnam, 719 F.3d 139, 154 (2d Cir. 2013) in turn quoting United States v. Awadallah, 349 F.3d 42, 68 (2d Cir. 2003) (emphasis in original)).

Pettway flatly fails to meet this standard. First, the government's disclosure that Pettway was not present at the controlled buy does not render false or misleading Hawthorn's representation to Judge Case that the confidential source knew Pettway to sell cocaine, that he or she had purchased cocaine from Pettway multiple times within the last several months, and that he or she knew Pettway to possess and sell cocaine at 23 Roosevelt St., Upper Apartment. The fact that Pettway was not at this single buy does

not detract from or negate the confidential source's information, which pertained to "numerous" buys over "the course of several months." (Docket No. 224-1, p. 4.)

Second, there is no support for Pettway's bald assertion that "Judge Case was led to believe that Mr. Pettway was present inside the residence at 23 Roosevelt, Upper Apartment" at the time the controlled buy was made. (Affidavit of Herbert L. Greenman, Docket No. 822, ¶ 18.) Nothing in the warrant application, which discussed the confidential source's multiple, personal experiences with Pettway, could reasonably be construed to conclude that Judge Case was actually under the impression that Pettway was present at the controlled buy, such that Hawthorn's omission of the information rendered his presentation false or misleading. This is pure speculation on Pettway's part.

Third, there is no preliminary showing whatsoever, let alone a substantial one, that Hawthorn deliberately omitted this information to intentionally mislead Judge Case. See Rajaratnam, 719 F.3d at 154 ("[T]he reviewing court must be presented with credible and probative evidence that the omission of information in a wiretap application was designed to mislead or was made in reckless disregard of whether it would mislead.")

Fourth, the confidential source's information expanded beyond a single controlled buy: he or she reported purchasing cocaine from Pettway "numerous times over the course of the last several months" and reported personally knowing Pettway to possess and sell cocaine from 23 Roosevelt, Upper Apartment. (Docket No. 224-1, pp. 4-5.) Thus, even if Judge Case had been told that Pettway was not present at the controlled buy, it would not have materially affected his probable cause determination given the breadth of the confidential source's information, which was based on his or her personal experiences with Pettway.

For these reasons, this Court finds that Pettway has failed to establish his entitlement to a <u>Franks</u> hearing or to the suppression of this evidence or to dismissal of the fourth superseding indictment. Nothing presented changes this Court's prior determination that the search warrant for 23 Roosevelt St., Upper Apartment, was properly supported by probable cause, or that, alternatively, the <u>Leon</u> good-faith exception applies. (Docket No. 455.) Pettway's motion is therefore denied.

IT HEREBY IS ORDERED, that Defendant's Motion to Controvert Search Warrant, Suppress Evidence, and Dismissal of Indictment (Docket No. 822) is DENIED in all respects.

Dated: August 18, 2017
Buffalo, N.Y.

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge