UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                          **DECISION AND ORDER**
                                                                           12-CR-103S

KENNETH PETTWAY, JR.,

                    Defendant.

      1.      Defendant Kenneth Pettway, Jr. is charged in a 5-count indictment with controlled substances and firearms offenses, in violation of 21 U.S.C. §§ 841 (a)(1), 846 and 18 U.S.C. §§ 922 (g)(1), 924 (a)(2), 924 (c)(1). He has been detained pending trial since May 31, 2017, when this Court revoked his pretrial release. (Docket No. 816.) Now before this Court is Pettway's oral motion for release from custody, which the government opposes. (Docket No. 910.) For the following reasons, Pettway's motion is granted.

      2.      Under the Bail Reform Act, 18 U.S.C. §§ 3141, et seq., pretrial detention is available only pursuant to § 3142 (e). See 18 U.S.C. § 3142 (a)(4); United States v. Dillard, 214 F.3d 88, 90-91 (2d Cir. 2000). That subsection expressly authorizes the pretrial detention of a defendant upon a judicial finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (e). Factors that must be assessed to make this determination are set forth in 18 U.S.C. § 3142 (g).

      3.      Also applicable here, given the nature of the charges against Pettway, is the rebuttable presumption in § 3142 (e)(3). Under that provision, it is presumed, subject

1

to rebuttal, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community," if there is probable cause to believe that the person committed one of the offenses to which the presumption attaches.

4. At the beginning of this case in January 2012, the Honorable Jeremiah J. McCarthy granted Pettway pretrial release on bond[1] and with conditions including home incarceration and electronic monitoring. (Docket Nos. 5, 6, 7.) Pettway remained on release until May 31, 2017, at which time this Court granted the government's motion to revoke Pettway's release under 18 U.S.C. § 3148. (Docket Nos. 816, 842.) At that time, this Court found that the government had made a sufficient showing of probable cause to believe that Pettway had committed crimes while on release—particularly contempt of court by way of his social media usage—and had established by clear and convincing evidence that Pettway violated the terms of his pretrial release by violating the protective order and failing to comply with multiple conditions of his release. (Docket No. 842.)

5. On the eve of trial in October 2017, the parties alerted this Court to a possible conflict of interest involving Pettway's attorney's previous representation of one of the government's confidential-source witnesses. Thereafter, on December 20, 2017, this Court determined that the possible conflict was in fact a severe, actual, non-waivable conflict of interest that required the disqualification and replacement of Pettway's attorney. (Docket No. 910.) Given these changed circumstances, Pettway moved for release on

---

1 This bond remains posted with the court.

home incarceration and electronic monitoring and indicated that he could live with a family member at 124 Davidson Avenue.

6. Having considered Pettway's motion and the circumstances of his pretrial detention, this Court finds that release on the original conditions set by Judge McCarthy is appropriate, assuming that the United States Probation Department finds 124 Davidson Avenue suitable for Pettway's home incarceration. First, Pettway's pretrial release violations and indiscretions, while warranting pretrial detention, were not so serious as to preclude release under changed circumstances. With the disqualification of his attorney, Pettway must now prepare this 5-year-old case anew with replacement counsel. That preparation will be facilitated by Pettway's release. Second, it must now be unmistakable to Pettway that this Court will not tolerate even the slightest violation of his release conditions, to include his use of social media and dissemination of documents relating to this case. Finally, even considering the presumption in § 3142 (e)(3), this Court finds that the strict imposition of home incarceration and electronic monitoring will reasonably assure Pettway's future appearances as required and the safety of any other person and the community. Pettway's motion for release is therefore granted, and Pettway is warned that this Court will have zero tolerance for any future violations.

IT HEREBY IS ORDERED, that Defendant's Motion for Release is GRANTED.

FURTHER, that Defendant will be released under the same terms and conditions that he was initially released under (Docket Nos. 6, 7). In addition, Defendant must avoid all contact, direct or indirect, with any individuals who are or who may become a victim or

potential witness in this prosecution.

FURTHER, that Defendant will not be released under this Order until the United States Probation Department verifies, assesses, and approves the appropriateness of 124 Davidson Avenue, Buffalo, NY, for home incarceration and electronic monitoring.

FURTHER, that Defendant will not be released before he and counsel appear before the Honorable Jeremiah J. McCarthy on Wednesday, December 27, 2017, at 10:00 a.m., at which time Defendant will be advised of and must confirm his understanding of the terms and conditions of his release.

SO ORDERED.


Date:   December 22, 2017
        Buffalo, NY


                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge