UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

KENNETH PETTWAY, JR.,

Defendant.

**DECISION AND ORDER**
12-CR-103S (1)

## I. INTRODUCTION

On May 31, 2018, a jury convicted Defendant Kenneth Pettway, Jr. of conspiring to distribute and/or possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841 (a); possessing heroin and cocaine with intent to distribute, in violation of 21 U.S.C. § 841 (a)(1); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924 (c)(1) and (2) (two counts); and possessing firearms and ammunition as a convicted felon, in violation 18 U.S.C. §§ 922 (g)(1), 924 (a)(2). (Docket Nos. 1026, 1034, 1036.) Pettway was thereafter sentenced to an aggregate term of imprisonment of 480 months. (Docket No. 1126, 1133.)

Pettway appealed. (Docket No. 1140.)

On February 26, 2021, the United States Court of Appeals for the Second Circuit affirmed the judgment in part, vacated it in part, and remanded for further proceedings. See United States v. Pettway, 845 F. App'x 42 (2d Cir. 2021). The court vacated Pettway's felon-in-possession conviction under Rehaif v. United States, in which the United States Supreme Court held that to secure such a conviction, the government must

prove that "the defendant knew he possessed a firearm and also that he knew he had the relevant status [e.g., that he was a felon] when he possessed it." 588 U.S. 225, 227, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019). Because Pettway's pre-Rehaif jury was not charged accordingly, and because the record did not contain sufficient evidence to show that Pettway was on notice of his status as a felon, the court determined on plain error review that Pettway's conviction on Count 5 must be vacated and the case remanded for *de novo* resentencing. See Pettway, 845 F. App'x at 47.

The Second Circuit further vacated Pettway's sentences on all counts to allow this Court to determine the applicability of the post-trial First Step Act amendments to 18 U.S.C. § 924 (c)(1)(C) that eliminated the "stacking" of multiple convictions from a single indictment for sentencing purposes. See id. at 47-48. Since that time, the Supreme Court decided Hewitt v. United States, in which it held that the provisions of the First Step Act apply in resentencing proceedings. Nos. 23-1002, 23-1150, 605 U.S. __, 145 S. Ct. 2165, __ L.Ed.2d __ (2025). The court rejected Pettway's remaining arguments and affirmed the convictions as to all counts except Count 5. See Pettway, 845 F. App'x at 48-51.

*De novo* resentencing will occur on July 30, 2025. Presently before this Court are Pettway's objections to the Revised Presentence Investigation Report ("PSR") and motion for downward departure or variance. (Docket Nos. 1386, 1388, 1389, 1396.) The government has responded in opposition. (Docket Nos. 1393, 1394.) Because the parties and counsel are familiar with the facts and prior proceedings in this case, they will be discussed in detail only where necessary. For the following reasons, Pettway's

objections and motion are denied.

## II. THE PSR

The PSR, last revised on July 22, 2025, is a 41-page document that thoroughly recounts, among other things, Pettway's offense conduct (PSR, ¶¶ 16-53), his criminal history (id. ¶¶ 72-93), his personal and family information (id. ¶¶ 109-117), his employment history (id. ¶¶ 128-130), and his financial condition (id. ¶¶ 131-137). It also contains Pettway's advisory sentencing guidelines calculation, based on the 2024 edition of the United States Sentencing Commission Guidelines Manual ("U.S.S.G."). Id. ¶¶ 57-71.

Pettway's advisory guidelines calculation begins with the two drug-related convictions grouped together (Counts 1 and 3). Id. ¶ 58. The base offense level is 30, pursuant to U.S.S.G. §§ 2D1.1 (a)(5) and (c)(5).[1] Id. ¶ 59. A two-level increase is then applied under § 2D1.1 (b)(12), on the basis that Pettway maintained the premises at 23 Roosevelt Avenue, Buffalo, NY, for the purpose of manufacturing or distributing a controlled substance. Id. ¶ 60. An additional four-level increase is applied under § 3B1.1 (a), because Pettway was the leader of criminal activity that involved five or more participants or was otherwise extensive. Id. ¶ 63. This results in a total offense level of 36 for Counts 1 and 3. Id. ¶ 68.

Next, the two firearms counts are determined (Counts 2 and 4). Pursuant to § 2K2.4, the guideline sentence for each of Pettway's convictions under 18 U.S.C. § 924

1 All advisory guidelines citations are to the 2024 edition of the Guidelines Manual.

(c) is the term of imprisonment required by statute, which for each conviction is not less than 5 years' imprisonment, consecutive to any other term of imprisonment. (PSR, ¶¶ 69, 70.) Pettway's total offense level thus remains 36. Id. ¶¶ 68, 96.

Next, Pettway's criminal history category is tabulated. Pettway has three criminal history points. Id. ¶ 82. He is assigned one point for his 2002 conviction for criminal possession of a controlled substance (Class A misdemeanor) and two points for his 2007 conviction for criminal possession of a firearm (Class D felony). Id. ¶¶ 75, 79. Three criminal history points yields a criminal history category of II. Id. ¶ 84.

Based on these calculations, with a total offense level of 36 and a criminal history category of II, Pettway's advisory guidelines sentencing range for Counts 1 and 3 is 210 to 262 months' imprisonment. Id. ¶ 96. In addition, Counts 2 and 4 each require a mandatory minimum term of imprisonment of 5 years, to run consecutively to all other counts. Id. This results in an aggregate advisory guidelines sentencing range of 330 to 382 months' imprisonment, pursuant to § 5G1.2 (a). Id. Pettway's statutory penalties are a minimum term of imprisonment of 10 years and a maximum of life on Count 1; a minimum of 5 years and maximum of life on Count 2; a maximum of 20 years on Count 3; and a minimum of 5 years and maximum of life on Count 4. Id. ¶ 94.

## III. DISCUSSION

### A. Pettway's Objections to the PSR

Pettway lodges a number of objections to the PSR. Most of the objections express Pettway's disagreement with the recitation of the offense conduct or reflect his disagreement with the verdict against him. Others challenge the calculation of Pettway's

offense level and criminal history category. The government opposes each objection.

**1. Offense-conduct Objections**

Pettway's objections begin with the recitation of the offense conduct. He objects to the inclusion of references to the Bailey Boys street gang, to his affiliation with or leadership of the Bailey Boys, to the activities of the Bailey Boys, to Demetrius Black being his right-hand man, to his sale of drugs out of 23 Roosevelt Street, and to the recitation of trial testimony that he claims was false. The government presses for wholesale denial of these objections, which in its view, demonstrate Pettway's lack of acceptance of responsibility. None of Pettway's objections have merit.

First, the Second Circuit previously rejected Pettway's denials, finding that he was in fact the leader of serious criminal gang activity:

> Pettway was the leader of the Bailey Boys, a violent street gang that sold drugs and committed robberies in Buffalo, New York. Another gang member, Demetrius Black, lived in an apartment at 23 Roosevelt Avenue ("23 Roosevelt"), which served as Pettway and Black's stash house. The two sold drugs out of 23 Roosevelt.

Pettway, 845 F. App'x at 46.

Second, the offense conduct portion of the PSR is intended to provide a description of the offense conduct and background of the case to aid the court in sentencing. Such information is necessary to understand the offense, to calculate the offense level, and to evaluate whether the offense is adequately accounted for in the advisory guidelines. The section is not intended to reflect advocacy or any party's particular interpretation of the trial evidence, and it is not required that each included assertion have been proven at trial. See United States v. Reese, 33 F.3d 166, 174 (2d Cir. 1994) (reiterating the rule

that "when determining sentence, a sentencing court is free to consider hearsay evidence, evidence of uncharged crimes, [and] dropped counts of an indictment").

Third, Pettway's offense-conduct objections do not require individual rulings because they do not directly affect the advisory guidelines calculations or Pettway's resentencing. See Fed. R. Crim. Proc. 32 (i)(3)(B).

Consequently, each of Pettway's offense-conduct objections is denied.[2]

**2. Drug-quantity Objections**

Pettway next objects to the paragraphs in the PSR that discuss the drug quantities, including relevant conduct, used to generate his offense level. Pettway's objections are variously based on his belief that the proof at trial was insufficient to sustain his conviction on Count 1, that certain trial witnesses lied, that certain testimony was procured by prosecutorial misconduct, and that some witnesses recanted their trial testimony. None of these objections are persuasive. Each of these issues has previously been raised and rejected in Pettway's post-trial motions. See United States v. Pettway, No. 12-CR-103S (1), 2018 WL 4958962 (W.D.N.Y. Oct. 15, 2018) (resolving first post-trial motion); United States v. Pettway, No. 12-CR-103S (1), 2024 WL 2286255 (W.D.N.Y. May 21, 2024) (resolving second post-trial motion); United States v. Pettway, No. 12-CR-103S (1), Docket No. 1371 (W.D.N.Y. May 13, 2025) (denying reconsideration). Pettway's drug-quantity objections are therefore denied for the reasons already articulated.[3]

---

2 This resolves Pettway's objections to paragraphs 17-41 and 43-49 of the PSR.

3 This resolves Pettway's objections to paragraphs 50, 51, and 53 of the PSR.

### 3. Offense-level-calculation Objections

Pettway further objects to the calculation of his offense level. His overriding objection is that his offense level is miscalculated because he is not guilty of some of the crimes for which he was convicted. This is a nonstarter given the jury's verdict, the Second Circuit's affirmance, and the post-trial decisions. Pettway further claims that the 4-level leader adjustment in U.S.S.G. § 3B1.1 (a) should not apply, but the Second Circuit expressly affirmed the application of this provision. See Pettway, 845 F. App'x at 46, 50 ("Here, several witnesses testified that Pettway was the leader of the Bailey Boys, an organization with more than five participants. Accordingly, the district court did not err when it applied the leader enhancement"). The balance of Pettway's objections simply maintain that the offense-level calculations should be corrected to comport with his objections. Accordingly, each of Pettway's offense-level objections is denied.[4]

### 4. Criminal-history-calculation Objections

Pettway next objects to the calculation of his criminal history category. He does not assign error to the calculations, but rather, argues that a downward departure is warranted under U.S.S.G. § 5H1.1, due to his youthfulness at the time of his countable convictions. Whether a departure may be warranted is separate from whether the criminal history category has been correctly tabulated. There being no assignment of error to that calculation, Pettway's objections are denied.[5]

Pettway also objects to those paragraphs in the PSR that relay information about

---

4 This resolves Pettway's objections to paragraphs 58-60, 63, 65, 68, and 71 of the PSR.

5 This resolves Pettway's objections to paragraphs 75, 79, 82, and 84 of the PSR.

his other arrests. He argues that these paragraphs should be stricken because the arrests included did not result in convictions. But a conviction is not required for an arrest record to be included in a PSR. By statute, there is "[n]o limitation . . . on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Moreover, Rule 32 (d)(2)(A)(i) of the Federal Rules of Criminal Procedure requires that a PSR contain "any prior criminal record" of the defendant. The information provided in the PSR is derived from Buffalo and Kenmore Police Department records reviewed by the probation officer. The information is relevant to Pettway's history, personal characteristics, and criminal record, all of which must be considered at resentencing under 18 U.S.C. § 3553 (a). Pettway's objections are therefore denied.[6]

**5. Remaining Objections**

Pettway objects to the paragraphs setting out this Court's sentencing options on the grounds that they incorporate his convictions on Counts 1 and 2, crimes for which he maintains he is not guilty. These objections are denied: the jury convicted Pettway of these counts and the Second Circuit affirmed those convictions on appeal.[7]

Pettway also objects to the probation officer's determination of the applicable fine and special assessment options on the basis that he is indigent and lacks financial

---

6 This resolves Pettway's objections to paragraphs 88-93 and 115 of the PSR.

7 This resolves Pettway's objections to paragraphs 94-96 and 100-105 of the PSR.

resources. Pettway's ability to pay, however, is a separate issue. In the absence of any assignment of error in these paragraphs, the objections are denied.[8]

Pettway further objects to the inclusion of information about his siblings and their criminal histories on the grounds that the information is irrelevant. He does not challenge the accuracy of the information or contend that it is otherwise impermissibly included in the PSR. In this Court's view, Pettway's family background is relevant to a consideration of his personal history. See 18 U.S.C. § 3553 (a)(1). There is also no limit on the information that can be considered in the assessment of Pettway's background. See 18 U.S.C. § 3661. Consequently, these objections are denied.[9]

Finally, Pettway objects to the probation officer's conclusion that there are no circumstances concerning the offense or offender that would warrant a departure from the prescribed guidelines. See PSR, ¶ 138. Pettway disagrees with this assessment, as evidenced by his motion for downward departure or variance, but again, there is no error in the paragraph itself, which simply expresses the probation officer's assessment. Pettway's objection to paragraph 138 is therefore denied.

**B. Pettway's Motion for Downward Departure or Variance**

Pettway seeks a variance on two grounds. First, he maintains that a variance from the applicable advisory guideline range is warranted to account for the crack and powder cocaine disparity in the guidelines, which Pettway maintains results in disproportionate and unfair sentences. Second, he seeks a variance to account for the

8 This resolves Pettway's objections to paragraphs 105 and 106 of the PSR.

9 This resolves Pettway's objections to paragraphs 111-113 of the PSR.

time he spent under strict restrictions on pretrial release and for his post-sentencing rehabilitation. In addition, Pettway requests a horizontal departure in his criminal history category due to his youthfulness at the time of his two countable convictions. The government opposes each request.

**1. Crack and powder cocaine disparity**

Pettway argues that the advisory guidelines' differential treatment of crack and powder cocaine warrants a downward variance because it results in disproportionate and unfairly harsh sentences for those, like Pettway, convicted of crack cocaine offenses. Although Congress reduced the 100:1 disparity to the current 18:1, it has not eliminated the disparity altogether, perhaps because the United States Sentencing Commission has recognized that "crack is more addictive than powder, crack offenses are more likely to involve weapons or bodily injury, and crack distribution is associated with higher levels of crime." Kimbrough v. United States, 552 U.S. 85, 98, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

While this Court recognizes its authority to grant a variance based on policy disagreements with the advisory guidelines, the circumstances of this case, which include weapons, bodily injury, crack distribution, and gang activity, do not warrant a specific variance, downward departure, or recalculation of the offense level. Nonetheless, this Court will consider the continuing existence of the disparity in determining an appropriate sentence.

**2. Time spent on pretrial release and post-sentencing rehabilitation**

Pettway requests that his time spent on pretrial release and his post-sentencing

rehabilitation be considered as factors warranting a downward variance. This Court is aware of Pettway's time on pretrial release—some 6 years—and his post-trial rehabilitation, which is set out in the sentencing submissions and the PSR. See PSR, ¶ 15. None of this alone warrants a specific variance, but this Court will consider these circumstances in crafting a fair, just, and reasonable sentence.

**3. U.S.S.G. § 5H1.1**

As noted above, Pettway has three criminal history points, which places him in criminal history category II. PSR, ¶ 82. One point is assessed for his 2002 conviction for criminal possession of a controlled substance (Class A misdemeanor), which occurred when he was 18 years old. Id. ¶ 75. Two points stem from his 2007 conviction for criminal possession of a firearm (Class D felony), which occurred when he was 22 years old. Id. ¶ 79. Citing U.S.S.G. § 5H1.1, Pettway argues that his criminal history category should be reduced because of his age at the time of these convictions.

U.S.S.G. § 5H1.1, as amended in November 2024, contains a Policy Statement regarding age. It provides in relevant part as follows:

> Age may be relevant in determining whether a departure is warranted.
>
> . . .
>
> A downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offense. Certain risk factors may affect a youthful individual's development into the mid-20's and contribute to involvement in criminal justice systems, including environment, adverse childhood experiences, substance use, lack of educational opportunities, and familial relationships. In addition, youthful individuals generally are more impulsive, risk-seeking, and susceptible to outside influence as their brains continue to develop into young adulthood. Youthful individuals also are

more amenable to rehabilitation.

U.S.S.G. § 5H1.1 Age (Policy Statement).

Pettway maintains that his young age, his childhood struggles, his family poverty, and the deterioration of his neighborhood caused him to make bad decisions at a young age. But Pettway's early criminal history is not simply attributable to bad decisions. There is a pattern of lawlessness reflected in multiple convictions and arrests for controlled-substances offenses, disorderly conduct, firearms possession, and assault. While this Court will consider Pettway's age at the time of this conduct in its overall calculus of an appropriate sentence, it does not find a horizontal departure in Pettway's criminal history category warranted based simply on age. The request for a downward departure on this basis is therefore denied.

## IV. CONCLUSION

For the reasons stated above, Pettway's objections to the PSR and his motion for downward departure or variance are denied.[10] Pettway's total offense level is 36 and his criminal history category is II. Factoring in the mandatory consecutive sentences for Counts 2 and 4, Pettway's aggregate advisory guidelines sentence range is 330 to 382 months. His minimum statutory term of imprisonment is 240 months. These are the calculations that will govern at the July 30, 2025 sentencing proceeding.

10 The objections and motion are additionally denied for the reasons set forth in the Second Addendum to the PSR, which is fully adopted and incorporated herein. See PSR, pp. 35-40.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Objections to the Revised Presentence Investigation Report (Docket No. 1388) are DENIED.

FURTHER, that Defendant's Motion for Downward Departure or Variance (Docket No. 1389) is DENIED.

FURTHER, that the United States Probation Officer is directed to append a copy of this Decision and Order to any copy of the Revised Presentence Report made available to the Bureau of Prisons, in accordance with Rule 32 (i)(3)(C) of the Federal Rules of Criminal Procedure.

SO ORDERED.

Dated: July 29, 2025
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge